**Robbins, etc., v. Lashner**

*Abraham L. Shapiro,* for plaintiff.

*Peter P. Leonard, Zion and Green,* and *Peter P. Zion,* for defendant.

CRUMLISH, J., December 16, 1954.—What is the scope of discovery since the adoption of the new Rules of Civil Procedure effective July 1, 1954? This is the question before us on defendant's preliminary objections to plaintiff's petition to take oral depositions and for production of documents.

Plaintiff represents in his petition that by this assumpsit action he seeks to recover from defendant the sum of $6,250, which is the face amount of certain policies of insurance which defendant, as plaintiff's broker, had procured on the property of plain-

tiff, insuring said property against loss by fire, and which policies defendant neglected to renew when the same expired. It is plaintiff's complaint that despite the fact that defendant had knowledge that the companies issuing the policies did not intend to renew them after their expiration date, defendant did not notify plaintiff of this fact, and plaintiff sustained loss of the face amount of the policies as a result of a fire which occurred after the termination date of the policies.

For the purpose of establishing a prima facie case and to prepare the case for trial, plaintiff asks leave to take oral depositions of defendant on certain enumerated questions, and further asks leave to inspect certain documents.

Defendant has filed preliminary objections to the proposed oral depositions.

New procedural rules for depositions and discovery became effective on the first day of July 1954, and to date, judicial interpretation of them has been meager. To even the casual observer, it is readily apparent that there has been a liberalization in the scope of inquiry permitted. How far the courts will now allow petitioner to pursue pretrial investigation and interrogation, is of vital importance. Extreme care must be taken to prevent so liberal a construction that a litigant's "day in court" becomes secondary to pretrial inquiry. At the same time, we should recognize and sanction the removal of certain road blocks to justifiable investigation present under the preëxisting rules. To strike a balance requires a scrutiny of both old and new rules, and the purposes sought to be accomplished by the recent modification.

Our concern is with Pa. R. C. P. 4007(a) and Pa. R. C. P. 4011. Pa. R. C. P. 4007(a) states:

"Any party may take the testimony of any person, including a party, for the purpose of discovery by

deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and *will substantially aid in the preparation of the pleadings or the preparation or trial of the case.*" (Italics supplied.)

Prior to July 1, 1954, the foregoing rule subject to limitations in rule 4011, allowed depositions orally or by written interrogatories, "of any party or person to discover facts, including the existence and location of tangible things". The sweeping provision for inquiry that "will substantially aid in the preparation of the pleadings or the preparation or trial of the case" was not a part of the old rule.

Both the old and the new Pa. R. C. P. 4007 refer to limitations of its use as provided in rule 4011. Just as the scope of inquiry was broadened by the new Pa. R. C. P. 4007, the sphere of limitation of inquiry has been narrowed by the new rule 4011.

The new R. C. P. 4011 states:

"No discovery or inspection shall be permitted which (a) is sought in bad faith; (b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party; (c) relates to matter which is privileged or would require the disclosure of any secret process, development or research; (d) would disclose the existence or location of reports, memoranda, statements, information or other things made or secured by any person or party in anticipation of litigation or in preparation for trial or would obtain any such thing from a party or his insurer, or the attorney or agent of either of them, other than information as to the identity or whereabouts of witnesses; or (e) would require the

making of an unreasonable investigation by the deponent or any party or witness."

The foregoing is identical with the old provision 4011, except for a deletion of the following section (*c*) of the old rule:

"No discovery or inspection shall be permitted which (c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which (1) are not relevant and material to the subject matter of the pending action; (2) are not competent or admissible as evidence; (3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have; (4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner;".

In the absence of case law to guide us in a determination of the effect of these modifications and revisions on the requests of petitioner before us we find the commentaries in 3 Goodrich-Amram, Standard Pa. Practice, helpful and illuminating. Possible limits of discovery under the 1954 amendments are there pointed out. As is stated, however, on page 142 of volume 3:

". . . No one can state them (possible limits) categorically. Any system which uses the loose, ambiguous terms of definition which these Rules now contain, anticipates decisions on an *ad hoc* basis, and the exercise of independent judgment by the judge to whom a question is posed in a particular case.

"The inability to state the boundaries of discovery with mathematical accuracy does not mean that there are no boundaries and that there are no rules. Subdivision (a) makes it clear that *if* certain testimony will substantially aid the inquirer in preparing or proving his case, and *if* that testimony is relevant, not privileged and does not violate any of the provisions

of Rule 4011, the court is *not* to refuse discovery because the testimony is not 'necessary to the proof of a prima facie claim or defense', and the court is *not* to refuse discovery because the inquiry may lead into the details of the claim or defense of the opponent.

"Sub-division (a), and all the other 1954 amendments, must be liberally interpreted to give effect to the reason and purpose for the promulgation of the amendments. Further, they must be so interpreted as to bear equally and fairly on *both* plaintiffs and defendants. The pre-existing discrimination against discovery by defendants must be eliminated."

We come now to plaintiff's petition and defendant's objections thereto.

Preliminarily, we observe that defendant is willing to produce certain documents requested in paragraphs 5 and 6 of plaintiff's petition. We are, therefore, here concerned only with six questions plaintiff desires to have answered by defendant by the taking of oral depositions.

The basis of defendant's objection is that, while the new rules have been liberalized to permit depositions that will "substantially aid" either party in the preparation of the pleadings, or the preparation or trial of a case, nevertheless as is stated in Goodrich-Amram Commentaries, vol. 3, p. 120: "It is still the rule in Pennsylvania that neither side is entitled to a 'script for the trial' from the adversary."

Defendant's position is well taken if that is what plaintiff is seeking, for it is evident that while discovery has been broadened, it does not allow the unlimited scope of inquiry permitted by the Federal rules.

After a careful analysis of each of plaintiff's proposed questions in the light of the new rules, we conclude that the following questions in paragraph 4 of plaintiff's petition are proper, and oral depositions may be had thereon:

1. When and how plaintiff allegedly informed defendant that defendant was not to renew policies of insurance on behalf of the plaintiff without first consulting plaintiff?

2. When and how defendant first learned that the policies of insurance described in paragraph 9(a), (b) and (c) of plaintiff's complaint, would not be renewed after their expiration date?

3. What efforts did defendant make, after receipt of the notice that the policies would not be renewed, to replace the same?

By inquiry on these points plaintiff seeks to discover when defendant learned certain insurance policies would not be renewed, what efforts he made thereafter to renew same, and when and how plaintiff allegedly informed defendant that defendant was not to renew policies of insurance on behalf of plaintiff without first consulting plaintiff.

Applying the tests of Pa. R. C. P. 4007, these questions are relevant, not privileged and will be of substantial aid in plaintiff's preparation for trial. Furthermore, they are not within the limitations of Pa. R. C. P. 4011. While certain information sought may be as much within the knowledge of plaintiff as of defendant, under the new rules mere knowledge of the inquirer is not a bar to inquiry. The present test is, will discovery be of substantial aid to the inquirer in preparing the trial of his case? It is not controlling that the questions may seek to discover "matters solely of defense". Inquiry is not to be refused for such reason. Finally, it is our opinion that these inquries do not provide a "full 'dress rehearsal' " of the trial, as defendant asserts. From information gleaned by the taking of the foregoing oral depositions, plaintiff very likely will secure substantial aid in the preparation of the trial. Thus, on a full hearing of the cause, the matter can be more expeditiously handled.

We can find no sufficient reason for allowing oral depositions on the following questions in paragraph 4 of plaintiff's petition:

4. What efforts of defendant resulted in issuance of policy no. 155323, issued by the Pennsylvania Fire Insurance Company; policy no. 113903, issued by the Insurance Company of North America, and policy no. 652102 issued by the Transcontinental Insurance Company?

5. What services of defendant were performed by defendant which brought about the issuance of the policies described in the aforegoing paragraph of this petition?

6. Whether or not defendant promised to make payment of the sum of $6,250 to plaintiff, after the occurrence of the fire which destroyed plaintiff's property.

Defendant, in his answer, has asserted that plaintiff replaced the expired policies of insurance with three other policies covering the same risks. Now by discovery plaintiff inquires what efforts of defendant and what services by him resulted in the issuance of the three new policies. We think it is immaterial what efforts were made by defendant or what services were performed by him in securing the policies. Whatever they may have been, they became merged into the issuance of three policies of insurance, if the averment by defendant in paragraph 10 of his answer is verity. Therein, defendant fully identifies each policy, its date of issuance and the company with which it was placed. Certainly sufficient knowledge is thus provided plaintiff to enable him to proceed to trial without additional probing on this matter at this stage of the proceedings.

Plaintiff also asks defendant to state whether or not defendant promised to make payment of $6,250 to plaintiff, after the occurrence of the fire which de-

stroyed plaintiff's property. Defendant, in his answer, has already denied making such a promise. What is to be gained by interrogating him on this issue prior to trial? Plaintiff already has defendant's sworn statement. The question strikes at the very heart of the controversy between the parties. It is a factual question to be determined by a jury from the credibility of all the evidence.

We think discovery should not be permitted on any of these questions.

Accordingly, leave is given plaintiff to take oral depositions of defendant in this matter within the limitations set forth in this opinion.

Defendant's preliminary objections to par. 4(1), 4(2), 4(3) and paragraph 6 of plaintiff's petition are dismissed; preliminary objections to paragraph number 4(4), 4(5) and 4(6) of plaintiff's petition are sustained.